Robert M. Carlson
Marshal Mickelson
CORETTE BLACK CARLSON & MICKELSON
129 W. Park, Ste 301
Butte, Mt 59701
Telephone: (406) 782-5800
bcarlson@cpklawmt.com
mmick@cpklawmt.com

Sara J. Savage
*Pro Hac Vice Pending*
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-2082
SSavage@selmanlaw.com

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BUTTE RESCUE MISSION, a Domestic Non-Profit Corporation, ROXELLA LYONS, an individual, and DOES 1 through 100,<br><br>Defendants. | Cause No. CV-21-54-BU-BMM-JTJ<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

COMES NOW, plaintiff Scottsdale Insurance Company ("SCOTTSDALE"),

and files this Complaint for Declaratory Judgment, alleging as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction in that plaintiff is diverse in citizenship from all defendants, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.  Additionally, this Court has jurisdiction for providing declaratory relief under 28 U.S.C. § 2201.

2. Venue is in the United States District Court for the District of Montana, Butte Division pursuant to 28 U.S.C. § 1391(b) because defendant Butte Rescue Mission ("BUTTE") and Roxella Lyons ("Lyons"), are subject to personal jurisdiction in this District. 28 U.S.C. § 1391. Also, a substantial part of the events giving rise to this claim occurred in this District.

## THE PARTIES

3. SCOTTSDALE is, and at all times relevant was, a corporation organized and existing by virtue of the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona, and is authorized to issue policies of insurance to Montana businesses.

4. SCOTTSDALE is informed and believes, and based thereon alleges, that defendant BUTTE was at all times herein mentioned, and currently is, a non-profit corporation, organized under the laws of the State of Montana, with its principal place of business in Butte, Montana.

5. SCOTTSDALE is informed and believes, and based thereon alleges, that defendant Lyons was at all times herein mentioned, and currently a resident of

Jefferson County, Montana.

## THE SCOTTSDALE POLICY

6. SCOTTSDALE issued a Commercial Insurance Policy to BUTTE as the named

   insured, Policy No. CPS3180784, effective September 6, 2019 to September 6,

   2020 (the "SCOTTSDALE POLICY"). A copy of the SCOTTSDALE POLICY

   is attached as Exhibit 1.

7. The SCOTTSDALE POLICY contains a Commercial General Liability

   Coverage Part (CG 00 01 04 13) as modified by the LIMITATION OF

   COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION

   (CG 21 44 04 17) ("CGL Coverage Part.")  It states, in relevant part:

   **SECTION I – COVERAGES**

   **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE
   LIABILITY**

   **1. Insuring Agreement**

       **a.** We will pay those sums that the insured becomes legally obligated to

          pay as damages because of "bodily injury" or "property damage" to

          which this insurance applies. We will have the right and duty to defend

          the insured against any "suit" seeking those damages. However, we will

          have no duty to defend the insured against any "suit" seeking damages

          for "bodily injury" or "property damage" to which this insurance does

          not apply. . .

8.  The CGL Coverage Part contains exclusions applicable to Coverage A which

include, in relevant part:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the

standpoint of the insured. This exclusion does not apply to "bodily

injury" resulting from the use of reasonable force to protect persons

or property.

…

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation,

disability benefits or unemployment compensation law or any

similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course

of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's

business;

…

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. . .

 …

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

. . .

9.  The CGL Coverage Part also states, in relevant part:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .

10. The CGL Coverage Part contains exclusions applicable to Coverage B which include, in relevant part:

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

11. The CGL Coverage Part contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's

goods, products or services;

   **e.** Oral or written publication, in any manner, of material that violates a

   person's right of privacy;

   **f.** The use of another's advertising idea in your "advertisement"; or

   **g.** Infringing upon another's copyright, trade dress or slogan in your

   "advertisement".

**17.** "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use

   of that property. All such loss of use shall be deemed to occur at the

   time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such

   loss of use shall be deemed to occur at the time of the "occurrence" that

   caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or

programs stored as or on, created or used on, or transmitted to or from

computer software, including systems and applications software, hard or

floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or

any other media which are used with electronically controlled equipment.

12. The SCOTTSDALE POLICY contains an Endorsement entitled

    EMPLOYMENT PRACTICES LIABILITY EXCLUSION CG 21 47 (12- 07)

("Employment Practices Exclusion,") which states in relevant part:

**A.** The following exclusion is added to Paragraph **2., Exclusions** of Section

**I – Coverage A – Bodily Injury And Property Damage Liability**:

This insurance does not apply to:

"Bodily injury" to:

**(1)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury. . .

**B.** The following exclusion is added to Paragraph **2., Exclusions** of Section

**I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)** A person arising out of any:

    **(a)** Refusal to employ that person;

    **(b)** Termination of that person's employment; or

    **(c)** Employment-related practices, policies, acts or omissions, such as
        coercion, demotion, evaluation, reassignment, discipline,
        defamation, harassment, humiliation, discrimination or malicious
        prosecution directed at that person; . . .

This exclusion applies:

**(1)** Whether the injury-causing event described in **Paragraphs (a), (b)** or
    **(c)** above occurs before employment, during employment or after
    employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other
    capacity; and

**(3)** To any obligation to share damages with or repay someone else who
    must pay damages because of the injury.

13. The SCOTTSDALE POLICY contains an endorsement entitled INJURY TO

WORKER EXCLUSION Form GLS-278s (1-06) ("Injury to Worker

Exclusion").  The Injury to Worker Exclusion adds the following exclusion to Coverage A of the CGL Coverage Part: "This insurance does not apply to . . . '[b]odily injury' to . . . [a]n 'employee,' . . . or anyone hired or retained by or for any insured; . . . regardless of whether or not it is caused in part by you . . ." The Injury to Worker Exclusion adds the following exclusion to Coverage B of the CGL Coverage Part: "This insurance does not apply to . . . 'personal or advertising injury' to. . . [a]n 'employee,' . . . or anyone hired or retained by or for any insured; . . . if such 'personal and advertising injury' arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether or not it is caused in part by you . . ."

14. The SCOTTSDALE POLICY also contains an ERRORS AND OMISSIONS COVERAGE PART (GLS-172s (11-18))("E&O Coverage Part") which states in relevant part:

   **SECTION I – COVERAGE**

   **1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as "damages" as a result of an "error or omission" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages." However, we will have no duty to defend the insured against any "suit" seeking "damages" for an "error or omission" to which this insurance does

not apply. . .

15. The E&O Coverage Part contains the following relevant definition:

**SECTION VI – DEFINITIONS**

**4.** "Error or omission" means any negligent act, error or omission while performing those services described in the Schedule of this Coverage Part under the Description of Services.

16. The E&O Coverage Part contains the following exclusions in relevant part:

**2. Exclusions**

This insurance does not apply to:

**b.** Any obligation of any insured under any workers' compensation, unemployment compensation, disability benefits law, Federal Securities Act of 1933, Employee Retirement Income Security Act of 1974 (ERISA) or under any similar law.

\* \* \*

**d.** Injury arising out of a dishonest, fraudulent, malicious or criminal act by any insured.

\* \* \*

**k.** Injury to:

**(1)** An employee of the insured arising out of and in the course of employment by the insured, including wrongful termination; or

**(2)** The spouse, child, parent, brother, sister of that employee as a

consequence of **k. (1)** above;

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury.

**l.** Injury to:

   **(1)** A person arising out of any:

   **(a)** Refusal to employ that person;

   **(b)** Termination of that person's employment; or

   **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; . . .

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury.

\* \* \*

**p.** Any claims covered under the Commercial General Liability Coverage

Part, . . .  or any other coverages included in this policy.

## THE UNDERLYING ACTION

17. On or about April 8, 2020, Lyons filed a lawsuit against BUTTE, entitled

*Roxella Lyons. V. Butte Rescue Mission,* Cause No. DV 20-139, in the Montana

Second Judicial District Court, Silver Bow County (the "Underlying Action").

A copy of the complaint in the Underlying Action is attached hereto as Exhibit

2.

18. In the Underlying Action, Lyons alleges that BUTTE employed her as their

Executive Director from September 10, 2014 until BUTTE wrongfully

terminated her employment on January 23, 2020.

19. Lyons also alleges:

After her termination, Ms. Lyons learned that her private, personal e-mail

accounts had been accessed and the passwords changed. The only source of that

unauthorized access was by and through the Butte Rescue Mission computer

system.

20. Lyons further alleges:

46. Ms. Lyons is the owner and sole user of two Internet based e-mail

accounts on @gmail.com and @hotmail.com accounts.

47. Following her termination, both of Ms. Lyons' personal e-mail

accounts were accessed without authorization and without her permission.

48. Upon information and belief, her personal e-mails were read and

potentially copied.

49. The invasion was discovered because the invader changed her passwords to her personal accounts on Tuesday, March 31, 2020.

21. The Underlying Action alleges four causes of action as follows: (1) Wrongful Discharge under M.C.A. 39-2-904(2); (2) Wrongful Discharge under M.C.A. 39-2-904(3); (3) Unpaid Wages under M.C.A. 39-3-205; ("the Employment Causes of Action") and (4) Invasion of Privacy.

22. Lyons seeks the following damages in her prayer for relief in relevant part:

1. An award of the lost wages resulting from the wrongful discharge for four (4) years from the date of termination;

2. An award of the economic damages incurred as a result of the wrongful termination;

3. An award of the special damages incurred as a result of the wrongful termination;

4. An award of the unpaid wages, vacation time accrued;

5. An award of the statutory penalty of 110% of unpaid wages;

6. An award of court costs and attorney's fees incurred; and

7. An award of punitive damages; and

23. On May 4, 2020, BUTTE filed an Answer and Counterclaim against Lyons.

## **ADDITIONAL FACTS**

24. On July 28, 2020, BUTTE, through its agent, tendered the Underlying Action to SCOTTSDALE, seeking a defense and indemnity pursuant to the SCOTTSDALE POLICY.

25. SCOTTSDALE has advised BUTTE that there is no coverage for Lyons' claims asserted in the complaint because, among other things, the Underlying Action does not trigger the Insuring Agreements of Coverage B or Coverage A and it seeks damages that are excluded by the terms and conditions of the Policy.

26. BUTTE has not withdrawn its tender, and SCOTTSDALE has agreed to defend BUTTE in the Underlying Action, subject to a full and complete reservation of rights, including the right to seek a declaration of SCOTTSDALE'S rights and duties under the SCOTTSDALE POLICY, and to withdraw from the defense should it be determined that the Underlying Action presents no potential for coverage under the SCOTTSDALE POLICY. (A copy of the Reservation of Rights letter is attached as Exhibit 3)

27. Because there is a dispute between the parties regarding their respective rights and obligations under the SCOTTSDALE POLICY with respect to the Underlying Action, an actual controversy exists that cannot be resolved absent relief from this Court.

## <u>FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF</u>

### (NO DUTY TO DEFEND- COVERAGE B)
### (The Insuring Agreement of Coverage B Is Not Triggered; Alternatively, Exclusions Apply - CGL Coverage Part)

28. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

29. SCOTTSDALE contends it has no duty to defend BUTTE in the Underlying Action under Coverage B of the CGL Coverage Part because the Underlying Action does not seek damages for a covered "personal and advertising injury" offense as defined in the CGL Coverage Part.  In particular, SCOTTSDALE contends that Lyons does not seek damages for "oral or written publication . . . of material that violates a person's right of privacy" or "oral or written publication . . . of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

30. Even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE contends that Exclusion a. Knowing Violation Of Rights Of Another applies to preclude coverage under Coverage B.  In particular, BUTTE caused and/or directed Lyons' termination and related employment acts or omissions and its access of an email address with knowledge of her connection to it.

31. Even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE further contends that it has no duty to defend BUTTE in the

Underlying Action under Coverage B because Lyons seeks damages arising out of employment related practices, policies, acts and omissions during and after the Lyons' employment with BUTTE and/or termination of her employment. SCOTTSDALE contends that coverage for "personal and advertising injury" is thus barred by the Employment Related Practices Exclusion, quoted above.

32. Even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE contends that it has no duty to defend BUTTE in the Underlying Action, and in particular in the Employment Causes of Causes of Action, under Coverage B because the Injury to Worker Exclusion, quoted above, precludes coverage for "personal and advertising injury" arising out of and in the course of scope of employment.

33. SCOTTSDALE is informed and believes, and based thereon alleges, that BUTTE contends that SCOTTSDALE has a duty to defend BUTTE against Lyons' allegations despite the provisions of the SCOTTSDALE policy.

34. By reason of the foregoing, an actual and justiciable controversy exists between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a declaratory judgment that it has no duty to defend BUTTE in the Underlying Action.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

### (NO DUTY TO INDEMNIFY – COVERAGE B)
### (The Insuring Agreement of Coverage B Is Not Triggered; Alternatively Exclusions Apply - CGL Coverage Part)

35. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

36. SCOTTSDALE contends it has no duty to indemnify BUTTE in the Underlying Action under Coverage B of the CGL Coverage Part because the Underlying Action does not seek damages for a covered "personal and advertising injury" offense as defined in the CGL Coverage Part.  In particular, SCOTTSDALE contends that Lyons does not seek damages for "oral or written publication . . . of material that violates a person's right of privacy" or "oral or written publication . . . of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

37. Even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE contends that Exclusion a. Knowing Violation Of Rights Of Another applies to preclude coverage under Coverage B.  In particular, BUTTE caused and/or directed Lyons' termination and related employment acts or omissions as well as its access of an email address with knowledge of her connection to it.

38. Even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE further contends that it has no duty to indemnify BUTTE in the Underlying Action under Coverage B because Lyons seeks damages arising out of employment related practices, policies, acts and omissions during and after

the Lyons' employment with BUTTE and/or termination of her employment.

SCOTTSDALE contends that coverage for "personal and advertising injury" is

thus barred by the Employment Related Practices Exclusion, quoted above.

39. Even if the Insuring Agreement of Coverage B applies, which it does not,

SCOTTSDALE contends that it has no duty to indemnify BUTTE in the

Underlying Action, and in particular in the Employment Causes of Causes of

Action, under Coverage B because the Injury to Worker Exclusion, quoted

above, precludes coverage for "personal and advertising injury" arising out of

and in the course of scope of employment.

40. SCOTTSDALE is informed and believes, and based thereon alleges, that

BUTTE contends that SCOTTSDALE has a duty to indemnify BUTTE against

Lyons' allegations despite the provisions of the SCOTTSDALE policy.

41. By reason of the foregoing, an actual and justiciable controversy exists

between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a

declaratory judgment that it has no duty to indemnify BUTTE for some or all of

the damages sought in the Underlying Action.


**THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(NO DUTY TO DEFEND – COVERAGE A, PROPERTY DAMAGE)**
**(No Covered "Property Damage"; Alternatively, Exclusions Apply -
CGL Coverage Part)**

42. SCOTTSDALE re-alleges and incorporates by this reference all preceding

paragraphs above, in their entirety, as though fully set forth herein.

43. SCOTTSDALE contends it has no duty to defend BUTTE in the Underlying
Action under the CGL Coverage Part because the Underlying Action does not
seek damages for "property damage," as defined in the CGL Coverage Part.  In
particular, Lyons does not seek damages for "physical injury to tangible
property" or "loss of use of tangible property that is not physically injured," and
electronic mail is not tangible property under the policy.

44. SCOTTSDALE further contends that even if the Underlying Action alleges
"property damage," which it does not, it has no duty to defend BUTTE in the
Underlying Action because Lyons does not seek damages for "property
damage" caused by an "occurrence."    In particular, the CGL Coverage Part
defines an "occurrence" as an accident and the Underlying Action alleges
BUTTE terminated Lyons' employment and committed related employment
acts or omissions and accessed her email address with knowledge of her
connection to it.  The Underlying Action does not seek damages for an accident.

45. Alternatively, SCOTTSDALE contends that the Underlying Action seeks
damages for actions and the resulting consequences that were expected or
intended and Exclusion a. of the CGL Coverage Part, quoted above, thus
precludes coverage.

46. SCOTTSDALE is informed and believes, and based thereon alleges, that
BUTTE contends that SCOTTSDALE has a duty to defend BUTTE against

Lyons' allegations despite the provisions of the CGL Coverage Part.

47. By reason of the foregoing, an actual and justiciable controversy exists

between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a

declaratory judgment that it has no duty to defend BUTTE in the Underlying

Action.


**FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(NO DUTY TO INDEMNIFY-COVERAGE A PROPERTY DAMAGE)**
**((No Covered "Property Damage"; Alternatively, Exclusions Apply -**
**CGL Coverage Part)**

48. SCOTTSDALE re-alleges and incorporates by this reference all preceding

paragraphs above, in their entirety, as though fully set forth herein.

49. SCOTTSDALE contends it has no duty to indemnify BUTTE in the Underlying

Action under the CGL Coverage Part because the Underlying Action does not

seek damages for "property damage," as defined in the CGL Coverage Part.  In

particular, Lyons does not seek damages for "physical injury to tangible

property" or "loss of use of tangible property that is not physically injured," and

electronic mail is not tangible property under the policy.

50. SCOTTSDALE further contends that even if the Underlying Action alleges

"property damage," which it does not, it has no duty to indemnify BUTTE in

the Underlying Action because Lyons does not seek damages for "property

damage" caused by an "occurrence."  In particular, the CGL Coverage Part

defines an "occurrence" as an accident and the Underlying Action alleges BUTTE terminated Underlying Plaintiff's employment and committed related employment acts or omissions and accessed her email address with knowledge of her connection to it.  The Underlying Action does not seek damages for an accident.

51.                              Alternatively, SCOTTSDALE contends that the Underlying Action seeks damages for actions and the resulting consequences that were expected or intended and Exclusion a. of the CGL Coverage Part, quoted above, thus precludes coverage.

52. SCOTTSDALE is informed and believes, and based thereon alleges, that BUTTE contends SCOTTSDALE has a duty to indemnify BUTTE against Lyons' allegations despite the provisions of the CGL Coverage Part.

53. By reason of the foregoing, an actual and justiciable controversy exists between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a declaratory judgment that it has no duty to indemnify BUTTE in the Underlying Action.


## FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (NO DUTY TO DEFEND-COVERAGE A, BODILY INJURY)
### (No Covered "Bodily Injury"; Alternatively, Exclusions Apply - CGL Coverage Part)


54. SCOTTSDALE re-alleges and incorporates by this reference all preceding

paragraphs above, in their entirety, as though fully set forth herein.

55. SCOTTSDALE contends it has no duty to defend BUTTE in the Underlying
Action under Coverage A of the CGL Coverage Part because the Underlying
Action does not seek damages for "bodily injury" as defined in the CGL
Coverage Part.  In particular, Lyons does not allege "bodily injury, sickness or
disease."

56. SCOTTSDALE further contends that even if the Underlying Action alleges
"bodily injury," which it does not, it has no duty to defend BUTTE in the
Underlying Action because Lyons does not seek damages for "bodily injury"
caused by an "occurrence."   In particular, the CGL Coverage Part defines an
"occurrence" as an accident and the Underlying Action alleges BUTTE
terminated Lyons' employment and committed related employment acts or
omissions and accessed her email address with knowledge of her connection to
it and thus does not allege an "accident."

57. Alternatively, SCOTTSDALE contends that even if the Underlying Action
seeks damages for "bodily injury," exclusions in the CGL Coverage Part
applicable to Coverage A preclude coverage for damages for "bodily injury."
SCOTTSDALE contends that the Underlying Action seeks damages for actions
and the resulting consequences that were expected or intended, and Exclusion a.
Expected or Intended Injury, quoted above, thus precludes coverage.
SCOTTSDALES further contends that Exclusion d. Workers' Compensation

And Similar Laws applies to the damages Plaintiff seeks in the Employment Causes of Action.  SCOTTSDALE also contends that if Coverage B, "personal injury and advertising injury" applies, Exclusion o. Personal And Advertising Injury precludes coverage under Coverage A for the damages sought in the Underlying Action, and in the Invasion of Privacy Cause of Action in particular.

58. Alternatively, even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE further contends that it has no duty to defend BUTTE in the Underlying Action under Coverage B because Lyons seeks damages arising out of employment related practices, policies, acts and omissions during and after the Lyons' employment with BUTTE and/or termination of her employment.  SCOTTSDALE contends that coverage for "bodily injury" is thus barred by the Employment Related Practices Exclusion, quoted above.

59. Alternatively, even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE contends that it has no duty to defend BUTTE in the Underlying Action under Coverage B because the Injury to Worker Exclusion, quoted above, precludes coverage for "bodily injury" arising out of and in the course of scope of employment.

60. SCOTTSDALE is informed and believes, and based thereon alleges, that BUTTE contends that SCOTTSDALE has a duty to defend BUTTE against Lyons' allegations despite the provisions of the SCOTTSDALE policy.

61. By reason of the foregoing, an actual and justiciable controversy exists between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a declaratory judgment that it has no duty to defend BUTTE in the Underlying Action.

## SIXTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (NO DUTY TO INDEMNIFY-COVERAGE B, "BODILY INJURY")
### ((No Covered "Bodily Injury" - CGL Coverage Part)

62. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

63. SCOTTSDALE contends it has no duty to indemnify BUTTE in the Underlying Action under Coverage A of the CGL Coverage Part because the Underlying Action does not seek damages for "bodily injury" as defined in the CGL Coverage Part.  In particular, Lyons does not allege "bodily injury, sickness or disease."

64. SCOTTSDALE further contends that even if the Underlying Action alleges "bodily injury," which it does not, it has no duty to indemnify BUTTE in the Underlying Action because Lyons does not seek damages for "bodily injury" caused by an "occurrence."   In particular, the CGL Coverage Part defines an "occurrence" as an accident and the Underlying Action alleges BUTTE terminated Lyons' employment and committed related employment acts or

omissions and accessed her email address with knowledge of her connection to it and thus does not seek damages for an accident.

65. Alternatively, SCOTTSDALE contends that even if the Underlying Action seeks damages for "bodily injury," exclusions in the CGL Coverage Part applicable to Coverage A preclude coverage for damages for "bodily injury." SCOTTSDALE contends that the Underlying Action seeks damages for actions and the resulting consequences that were expected or intended, and Exclusion a. Expected or Intended Injury, quoted above, thus precludes coverage. SCOTTSDALE further contends that Exclusion d. Workers' Compensation And Similar Laws applies to the damages Lyons seeks in the Employment Causes of Action.  SCOTTSDALE also contends that if Coverage B, "personal injury and advertising injury" applies, Exclusion o. Personal And Advertising Injury precludes coverage under Coverage A for the damages sought in the Underlying Action, and in the Invasion of Privacy Cause of Action in particular.

66. Alternatively, even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE contends that it has no duty to indemnify BUTTE in the Underlying Action under Coverage B because Lyons seeks damages arising out of employment related practices, policies, acts and omissions during and after the Lyons' employment with BUTTE and/or termination of her employment.  SCOTTSDALE contends that coverage for "bodily injury" is thus

barred by the Employment Related Practices Exclusion, quoted above.

67. Alternatively, even if the Insuring Agreement of Coverage B applies, which it does not, SCOTTSDALE contends that it has no duty to indemnify BUTTE in the Underlying Action under Coverage B because the Injury to Worker Exclusion, quoted above, precludes coverage for "bodily injury" arising out of and in the course of scope of employment.

68. SCOTTSDALE is informed and believes, and based thereon alleges, that BUTTE contends SCOTTSDALE has a duty to indemnify BUTTE against Lyons' allegations despite the provisions of the SCOTTSDALE policy.

69. By reason of the foregoing, an actual and justiciable controversy exists between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a declaratory judgment that it has no duty to indemnify BUTTE in the Underlying Action.

## SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF

**(NO DUTY TO DEFEND – E&O)**
**(The Insuring Agreement of the E&O Coverage Part Is Not Triggered; Alternatively, Exclusion Apply)**

70. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

71. SCOTTSDALE contends it has no duty to defend BUTTE under the E&O Coverage Part because none of the causes of action in the Underlying Action are the result of a covered "error or omission."  In particular, the Underlying

Action does not seek damages for an act, error or omission while BUTTE was performing the services of a Non-Profit.

72. Alternatively, SCOTTSDALE contends that it has no duty to defend BUTTE under the E&O Coverage Part for the claims asserted in the Underlying Action because all of the causes of action in the Underlying Action arise out of employment related practices, policies, acts and omissions during and after the Lyons' employment with BUTTE and/or termination of her employment. SCOTTSDALE contends that coverage is thus barred by Exclusions k. and l. of the E&O Coverage Part, quoted above.

73. Alternatively, SCOTTSDALE contends it has no duty to defend BUTTE under the E&O Coverage Part for the Employment Causes of Action because the Underlying Action seeks damages for an obligation under the workers' compensation, unemployment compensation or a similar law and coverage is thus barred by Exclusions b. of the E&O Coverage Part, quoted above.

74. Alternatively, SCOTTSDALE contends it has no duty to defend BUTTE under the E&O Coverage Part for the Invasion of Privacy Cause of Action asserted in the Underlying Action because Lyons seeks damages for an injury arising out of a dishonest, fraudulent, malicious or criminal act and Exclusion d. precludes coverage.

75. SCOTTSDALE is informed and believes, and based thereon alleges, that BUTTE contends that SCOTTSDALE has a duty to defend BUTTE against Lyons' allegations despite the provisions of the SCOTTSDALE policy.

76. By reason of the foregoing, an actual and justiciable controversy exists between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a declaratory judgment that it has no duty to defend BUTTE in the Underlying Action.

## EIGHTH CAUSE OF ACTION FOR DECLARATORY RELIEF

### (NO DUTY TO INDEMNIFY – E&O)
### (The Insuring Agreement of the E&O Coverage Part Is Not Triggered)

77. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

78. SCOTTSDALE contends it has no duty to indemnify BUTTE under the E&O Coverage Part because none of the causes of action in the Underlying Action are the result of a covered "error or omission."  In particular, the Underlying Action does not seek damages for an act, error or omission while BUTTE was performing the services of a Non-Profit.

79. SCOTTSDALE is informed and believes, and based thereon alleges, that BUTTE contends SCOTTSDALE has a duty to indemnify BUTTE against Lyons' allegations despite the provisions of the SCOTTSDALE policy.

80. By reason of the foregoing, an actual and justiciable controversy exists between SCOTTDALE and BUTTE.  Therefore, SCOTTSDALE seeks a declaratory judgment that it has no duty to indemnify BUTTE in the Underlying Action.

## NINTH CAUSE OF ACTION FOR REIMBURSEMENT
### (DEFENSE EXPENSES)

81. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

82. SCOTTSDALE is defending BUTTE n the Underlying Action pursuant to a full reservation of rights, including, but not limited to, the right to recover any defense expenses paid by SCOTTSDALE for non-covered claims asserted against it in the Underlying Action.

83. SCOTTSDALE has incurred expenses on behalf of BUTTE for its defense in the Underlying Action. SCOTTSDALE continues to incur expenses on behalf of BUTTE for its defense in the Underlying Action.

84. As a matter of law, SCOTTSDALE never had a duty to defend BUTTE for claims in the Underlying Action that were not even potentially covered under the SCOTTSDALE POLICY.

85. Because none of the claims asserted against BUTTE in the Underlying Action were potentially covered under the SCOTTSDALE POLICY, and because SCOTTSDALE has no obligation to provide BUTTE with a defense to uncovered claims, SCOTTSDALE has been damaged, to the extent determined

30

by applicable law, with respect to expenses incurred for the defense of uncovered claims.

86. Accordingly, SCOTTSDALE is entitled to reimbursement from BUTTE for defense expenses, to the extent permitted by applicable law, in an amount to be proven at trial.

## TENTH CAUSE OF ACTION FOR REIMBURSEMENT

### (INDEMNITY PAYMENTS)

87. SCOTTSDALE re-alleges and incorporates by this reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

88. SCOTTSDALE is defending BUTTE in the Underlying Action pursuant to a full reservation of rights, including, but not limited to, the right to recover any indemnity payments made by SCCOTTSDALE for non-covered claims and damages asserted against it in the Underlying Action.

89. Because none of the claims asserted against BUTTE in the Underlying Action were potentially covered under the SCOTTSDALE POLICY, and because SCOTTSDALE has no obligation to indemnify BUTTE for uncovered damages, SCOTTSDALE may be damaged in the amount of indemnity payments it makes in the Underlying Action for uncovered claims and damages.

90. SCOTTSDALE may incur expenses on behalf of BUTTE for its indemnity in the Underlying Action.

91. Accordingly, SCOTTSDALE is entitled to reimbursement, restitution and recovery from BUTTE for all those indemnity expenses in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, SCOTTSDALE requests the following relief from this Court:

1. With respect to the First, Third, Fifth, and Seventh, Causes of Action, for a judicial declaration that SCOTTSDALE has no duty to defend BUTTE with respect to the Underlying Action;

2. With respect to the Second, Fourth, Sixth, and Eighth, Causes of Action, for a judicial declaration that SCOTTSDALE has no duty to indemnify BUTTE in the Underlying Action;

3. With respect to the Ninth Cause of Action, for reimbursement for defense fees and costs SCOTTSDALE has made and continues to make in the Underlying Action, with respect to uncovered claims or damages, in an amount to be proven at trial;

4. With respect to the Tenth Cause of Action, for reimbursement of indemnity payments SCOTTSDALE may make in the Underlying Action, with respect to uncovered claims or damages, in an amount to be proven at trial;

5. For a judicial declaration that defendants, and each of them, be bound by the findings, rulings, and orders of this Court with respect to the SCOTTSDALE

POLICY;

6.  For costs of suit, including attorneys' fees incurred herein; and

 For all other and further relief as this Court may deem just and proper.

     DATED this 21st day of July, 2021.

           s/Robert M. Carlson

          Robert M. Carlson
          Corette Black Carlson & Mickelson
          129 W. Park, Ste 301
          Butte, Mt 59701
          Telephone: (406) 782-5800

          Attorneys for Plaintiff
          Scottsdale Insurance Company